
FILED
2009 Feb-10 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| PAULA A. BENNICH, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 5:07-CV-01239-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The claimant, Paula A. Bennich ("Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Ms. Bennich timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Bennich was fifty-six years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education. (Tr.

at 19.) Her past work experiences include employment as a clerk, an assembler, a quality control inspector, an ejection molding machine operator, and as a sales clerk. *Id.* Ms. Bennich claims that she became disabled on July 7, 2003, due to carpal tunnel syndrome, and back, shoulder, and neck problems. *Id.*

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the

analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.

20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Bennich meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 26.) He further determined that Bennich has not engaged in substantial gainful activity since the alleged onset of her disability. *Id.* at 27. According to the ALJ, Plaintiff's spinal fusion at L4-5 due to spondylolisthesis with bilateral foraminal stenosis; history of rotator cuff tear; and cervical degenerative disc disease are considered "severe" based on the requirements set forth in the regulations. *Id.* However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. *Id.* The ALJ did not find Ms. Davis's allegations to be totally credible, and he determined that she is not precluded from her past relevant work as a clerk, an assembler, a quality control inspector, and as a sales clerk by her residual functional capacity. *Id.* According to the ALJ, the Plaintiff's impairments "do not prevent the claimant from performing her past relevant work." The ALJ concluded his

findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." *Id.*

II. Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Ms. Bennich alleges that the ALJ's decision should be reversed and remanded for two reasons.  First, she believes that the ALJ abused his discretion by finding that Plaintiff's impairments do not meet or equal section 1.04 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P, App. 1. (Doc. 9.)  Second, Plaintiff contends that the ALJ did not evaluate her subjective complaints of pain properly when he made his determination.  *Id.*

   A.   Meeting a Listed Impairment.

Plaintiff asserts that the ALJ abused his discretion by finding that Plaintiff's impairments did not meet or equal section 1.04 of the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1. (Doc. 9.) Specifically, the ALJ found that spondylolisthesis with bilateral foraminal stenosis, a history of a rotator cuff tear and cervical degenerative disc disease do not meet or equal any of the Disorders of the Spine listed in 20 C.F.R. § 404, Subpt. P, App. 1. (Doc. 9.)

A plaintiff is disabled if her impairments meet or equal an impairment in the Listings of Impairments. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). To meet a listing, the plaintiff must "have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 404.1525(a)-(d)). "To equal a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" *Wilson*, 284 F.3d at 1224 (quoting 20 C.F.R. § 404.1526(a)). Furthermore, "[f]or a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria . . . [because] [a]n impairment that manifests only some of

those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see also Wilkinson o/b/o Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir.1987) (claimant must "present specific medical findings that meet various tests" to meet a Listing).  Finally, the Court has an "absolute duty" to consider a combination of impairments in order to determine whether there is medical equivalency to a Listing if the listing is defined in terms of functional criteria.  *Davis v. Shalala*, 985 F.2d 528, 533-34 (11th Cir.1993).

Listing 20 C.F.R. pt. 404, subpt. P, app. 1, §1.04 provides as follows:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by

>    severe burning or painful dysesthesia, resulting in the need
>    for changes in position or posture more than once every 2
>    hours; or
>
>    C.   Lumbar   spinal   stenosis   resulting   in
>    pseudoclaudication, established by findings on appropriate
>    medically acceptable imaging, manifested by chronic
>    nonradicular pain and weakness, and resulting in inability
>    to ambulate effectively, as defined in 100.B2b.

Plaintiff must show that she has one of the delineated spinal disorders and that she meets the criteria of subsections "A," "B," or "C." The ALJ found that the Plaintiff has degenerative disc disease which is one of the spinal disorders listed in the introductory paragraph. (Tr. at 27.) However, the ALJ did not find, the record does not show, and the Plaintiff does not provide evidence of a medically confirmed case of spinal arachnoiditis that is required to fulfill subsection "B." *Id.* at 22-27.

Regarding subsection "C," the record does indicate that the Plaintiff may have lumbar spinal stenosis. (Tr. at 23). However, the lumbar spinal stenosis must "result in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R. pt. 404, subpt. P, app. 1, § 100.B2b defines "inability to ambulate effectively" as "an extreme limitation of the ability to walk . . . that interferes very seriously with the individual's ability to

independently initiate, sustain, or complete activities." 20 C.F.R. pt. 404, subpt. P, app. 1, § 100.B2b(1)-(2). This inability to ambulate is characterized by the need for a hand-held assistive device in order to ambulate effectively. 20 C.F.R. pt. 404, subpt. P, app. 1, § 100.B2b(1)-(2). There is no medical documentation in the record showing that Plaintiff needed an assistive device to ambulate independently. *See* Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *7 (S.S.R. 1996) ("[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device . . . ."). Indeed, the medical evidence summarized by the ALJ establishes that the Plaintiff retains the ability to lift 30 pounds and does not indicate that Plaintiff has impaired lower extremity function. (Tr. at 25.); *see e.g., Schettino v. Comm'r of Soc. Sec.*, 295 F.App'x 1 543, 545 (3rd Cir. 2008) (finding that ALJ's decision that plaintiff did not meet a listing was supported by medical evidence from the record establishing the inability to ambulate effectively). Therefore, the Plaintiff fails to establish that she is unable to ambulate effectively and consequently, the Plaintiff cannot meet subsection "C."

Regarding subsection "A," the medical evidence in the record establishes that Plaintiff lacks the requisite limitation of motion of the spine, motor loss, and sensory or reflex loss. The record shows that on May 5, 2003, Plaintiff had "relatively good range of motion in her cervical spine." (Tr. at 22.) On May 8, 2003, Plaintiff's treating neurologist stated that the physical examination revealed no focal motor or sensory deficit. *Id*. at 233. Additionally, the physical examination showed Plaintiff's reflexes to be 2+, which is normal. *Id*. On October 30, 2003, which is after Plaintiff's claimed July 7, 2003, date of disability, the neurologist wrote that the Plaintiff was neurologically intact. *Id*. at 231. Moreover, on February 16, 2004, the Plaintiff had 4/5 grip strength and 5/5 motor strength in the upper extremities. *Id*. at 22. Finally, Plaintiff's orthopedist found that she had normal sensation to light touch and good range of motion of the hips, knees, and ankles with no pain. *Id*.

For these reasons, the Court is of the opinion that the ALJ's finding that Plaintiff did not meet or equal 20 C.F.R. pt. 404, subpt. P, app. 1, §1.04 is supported by substantial evidence from the record. *See Wilson*, 284 F.3d at 1221.

B.     Plaintiff's Allegations of Pain.

Plaintiff asserts that the ALJ's evaluation of her subjective complaints of pain was improper. Specifically, she alleges that "[the ALJ failed] to properly apply the [law], [the ALJ] has failed give adequate reasons for discrediting the testimony provided and therefore [the ALJ] relies only on personal conclusions. . ." (Doc. 9.) Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotations omitted).

In this case, the ALJ found that Plaintiff met the first prong of the Eleventh Circuit's pain standard, but he did not believe that the objective, medical evidence confirms the severity of the alleged pain arising from that condition or that any impairment of such severity could reasonably be expected to give rise to the disabling pain and other limitations alleged by Plaintiff. (Tr. at 25.) The ALJ thoroughly canvassed the possible medical sources of Plaintiff's pain. *Id.*

Specifically, the ALJ noted Plaintiff's history of myocardial infarction. *Id.* However, she did not testify to any continuing cardiac limitations or symptoms. *Id.* Also, Plaintiff did not testify to any limitations or symptoms resulting from her kidney removal. *Id.* The ALJ also noted Plaintiff's allegations of significant, chronic back pain that becomes a 10/10 on the pain scale when standing and significant, chronic neck pain. However, the ALJ remarked that Plaintiff's primary physician did not restrict Plaintiff's lifting to thirty pounds or less until twenty months after her application for Disability Insurance Benefits. *Id.* at 19, 25. Plaintiff's physician did not give her any other restrictions. *Id.* Moreover, the ALJ observed that Plaintiff's daily activities, as indicated by her own questionnaire, were not "consistent with someone suffering from chronic severe pain." *Id.* Specifically, the ALJ noted that even prior to Plaintiff's back surgery, which lowered her subjective pain and only left her with some dull, aching back pain, she was able to read and watch television with an ability to recall what she had read or seen. *Id.* The ALJ observed that those activities require "concentration to a degree that is inconsistent with someone who is suffering from severe chronic pain." *Id.*

It appears to the Court that the ALJ specifically addressed Plaintiff's allegations of pain in his opinion and that he provided explicit and reasonable reasons for rejecting her testimony. The objective medical and other evidence supports the ALJ's conclusion that Plaintiff's condition did not cause disabling limitations and instead shows that she could "perform a full range of light work." (Tr. at 25-27.)

IV. Conclusion.

Upon review of the administrative record, and considering all of Ms. Bennich's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this <u>10th</u> day of <u>February 2009</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671